PARKER v THE ASSOCIATES DISCOUNT CORPORATION

1. APPEAL AND ERROR—MOTIONS—DIRECTED VERDICT.

The specific question for the Court of Appeals in reviewing the grant of a directed verdict is whether it can be said as a matter of law, giving the plaintiff's proofs their strongest probative force, that the evidence was not sufficient to justify submitting the issue to the trier of fact.

2. TRIAL—BURDEN OF PROOF—AFFIRMATIVE DEFENSES.

The burden of proving an affirmative defense is on the party asserting it.

3. MASTER AND SERVANT—INDEPENDENT CONTRACTORS—ISSUE OF FACT.

The test of whether one is an independent contractor to determine liability in a tort action for damages sustained when attempting to stop what was believed to be theft of plaintiff's automobile but was in fact a repossession in process by a towing company acting for defendant is one of control, and the resolution of the issue turns on the facts of each case.

4. TRIAL—BURDEN OF PROOF—AFFIRMATIVE DEFENSES—DIRECTED VERDICT—APPEAL AND ERROR.

The trial court in a tort action erred in directing a verdict for the defendant at the close of his proofs where the defendant relied upon an affirmative defense because the plaintiff had a right to be heard and because an appellate court cannot review the evidence in the light most favorable to the plaintiff when the plaintiff's proofs on the issue were completely precluded.

5. EVIDENCE—ADMISSIBILITY—PRIVILEGE—ATTORNEY AND CLIENT.

The trial court erred by refusing to accept into evidence a memorandum made by defendant's agent after that agent had

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 608, 832.
[2] 53 Am Jur, Trial §§ 70, 399.
[3] 53 Am Jur 2d, Master and Servant § 460.
[4] 53 Am Jur, Trial § 399.
[5] 7 Am Jur 2d, Attorneys at Law §§ 91–93.

been in contact with an attorney on the ground that the memorandum was a privileged communication, because the memorandum was not written by or addressed to an attorney and the attorney-client privilege, as an exception to the general rule of full disclosure, should not be extended to accomplish more than its purpose, which is to enable a client to confide in his attorney secure in the knowledge that such a communication will not be disclosed.

Appeal from Wayne, Wade Van Valkenburg, J. Submitted Division 1 May 4, 1972, at Detroit. (Docket No. 11598.) Decided January 16, 1973.

Complaint by Hezekiah Parker against The Associates Discount Corporation for damages for assault and battery and negligence. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Sheldon Wachler, P. C. (Ronald R. Gold,* of counsel), for plaintiff.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr, P. C.* (by *Edmund M. Brady, Jr.),* for defendant.

Before: V. J. BRENNAN, P. J., and McGREGOR and BRONSON, JJ.

V. J. BRENNAN, P. J. Plaintiff, Hezekiah Parker, sues for damages as a result of injuries he sustained when attempting to stop what he believed to be the theft of his automobile. The automobile was not in fact being stolen, but was rather in the process of being repossessed. Associates Discount Corporation, the defendant herein, asserted the affirmative defense that the injuries to the plaintiff were inflicted by the South Macomb Towing Company which was acting for the defendant as an independent contractor.

South Macomb Towing was joined as a third-

party defendant; however, before trial, the plaintiff settled with South Macomb for a minimal sum. Pursuant thereto, the trial court dismissed South Macomb as a codefendant, and South Macomb agreed to indemnify Associates Discount for any judgment rendered against them.

At the close of defendant's proofs, the trial court granted a directed verdict of no cause of action in favor of the defendant. The plaintiff appeals.

The first argument plaintiff raises on appeal is that the defense of "independent contractor" should not, on grounds of public policy, be permitted in cases of this nature. The plaintiff's argument is based on the following provision of the Michigan Uniform Commercial Code:

"Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action." MCLA 440.9503; MSA 19.9503.

The plaintiff theorizes that this provision places a nondelegable duty on the defendant because of the intrinsic danger of repossession. Unfortunately, there is insufficient evidence in this record on which we could conclude that repossession of collateral involves the special danger necessary to create a nondelegable duty. We need not therefore resolve the question put to us by the plaintiff.

We shall consider plaintiff's next two arguments together; they are that the trial court erred first by determining that South Macomb Towing Company was an independent contractor and directing a verdict in favor of defendant, and second, by denying plaintiff the opportunity to present rebuttal testimony at the close of defendant's proofs.

.

Our decision on these issues is controlled by three basic principles. First, when this Court reviews the grant of a directed verdict, as was stated in *Zaborski v Kutyla,* 29 Mich App 604, 607–608 (1971),

"the specific question for the Court of Appeals is whether it can be said as a matter of law, giving plaintiffs' proofs their strongest probative force, that the evidence was not sufficient to justify submitting the issue to the trier of fact."

Second, that the burden of proving an affirmative defense is on the party asserting it, namely, the defendant. *Redding v Snyder,* 352 Mich 241 (1958). And finally, that the test of whether one is an independent contractor in cases of this nature is one of control, and not economic reality; and that the resolution of this issue turns on the facts of each case. *Sliter v Cobb,* 388 Mich 202 (1972).

Our conclusion is that plaintiff is correct and that the trial court did commit error on each occasion. Given that the defendant was obliged to establish his affirmative defense, directing a verdict in his favor at the close of his proofs would be like directing a verdict for the plaintiff at the close of his proofs. This is reversible procedure, since the other party does have a right to be heard. Finally, how can this Court review the evidence in the light most favorable to the plaintiff, when plaintiff's proofs on this crucial issue were completely precluded?

The plaintiff also alleges that the trial court erred by refusing to accept into evidence the following memorandum which was included in defendant's file:

"Re: Hezekiah Parker—Repo and Suit for Damages

"Mr. Mel Bordman of the Aetna called re having someone from Associates appear at Edmund Brady, Jr's

office for a deposition re the contractual agreement between Associates and South Macomb Towing. Mr. Bordman feels that someone familiar with the procedure should appear to testify that the assignments for repo's were given to Mr. Hertz by phone with the information on the vehicle and the location, (if possible) and no other instructions. He feels this will show that if any acts by Mr. Hertz were injurious to the purchaser, they were not on our instructions but were actions taken by South Macomb that were far beyond the normal scope of the assignment by Associates and that he acted beyond the scope of normal activity.

"Time of deposition: 2:00 p.m.—8/11/70.

"Place: Mr. Brady's office, 3250 Guardian Building

"Phone: 961-4880

"Mr. Brady requests that someone be there at least by 1:30 p.m. with Associates records.

"We are to contact Mr. Brady and confirm."

The defendant objected to the admission of this document on the grounds that it was a privileged communication. However, the memorandum was not written by or addressed to an attorney. Attempting to claim the attorney-client privilege for a communication made by a party's agent after that agent has been in contact with an attorney is getting rather far afield. The purpose of the privilege is to enable a client to confide in his attorney secure in the knowledge that such a communication would not be disclosed. The privilege is an exception to the general rule of full disclosure and should not be extended to accomplish more than its purpose. *United States v Goldfarb,* 328 F2d 280 (CA 6, 1964), *cert den,* 377 US 976; 84 S Ct 1883; 12 L Ed 2d 746 (1964). Furthermore, although the point was not raised below, it would also appear that the admissibility of this document should withstand an objection on the basis of hearsay, since it appears that it could be classified as an

admission of a party opponent (see *Union Trust Co v Parker,* 251 Mich 630 [1930]).

Plaintiff's remaining assignments of error are, on the basis of the record before us, without merit.

Reversed and remanded.

All concurred.