SMITH v ARC-MATION, INC

Docket No. 59715. Decided January 23, 1978. On application by plaintiffs for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the order of trial court.

Harry P. Smith and others, minority shareholders of Arc-Mation, Inc., brought an action against Arc-Mation and others for the appointment of a receiver and for other relief. The plaintiffs allege that the majority shareholders entered into an agreement, under a memorandum of understanding with certain other defendants, that Oxford Precise Casting, Inc., would take over Arc-Mation and that the agreement resulted in the insolvency of Arc-Mation rather than the proposed financial revitalization. The Oakland Circuit Court, Steven N. Andrews, J., ordered that plaintiff's attorney, A. Albert Sugar, and his law firm be disqualified from representing the plaintiffs in the case because Sugar had drafted the memorandum of understanding for the majority stockholders and "ought to be called as a witness" as to the meaning of the agreement. The Court of Appeals, Allen, P. J., and R. B. Burns and D. E. Holbrook, Jr., JJ., denied leave to appeal (Docket No. 77-123). Plaintiffs apply for leave to appeal. *Held:*

1. The reasoning of the trial court appears to be that if any arguable question can be raised regarding the propriety of an attorney's representation of a party, an order can be obtained to disqualify that attorney. This constitutes a dangerous doctrine. It puts in the hands of an adversary the ability to force an opponent to change counsel on any arguable grounds; no lawyer or firm that participates in drafting an instrument will be able to represent the client if litigation results.

2. The Code of Professional Responsibility prohibits a lawyer from accepting or continuing employment if he "knows" or "learns or it is obvious" that he or a lawyer in his firm ought to be called as a witness on behalf of his client, except in certain circumstances. The trial court erred in saying that Sugar ought to be called as a witness because Sugar filed an affidavit saying he has no intention of being a witness for the plaintiffs and that the allegations in the complaint will be proven by other competent evidence, and defense counsel never

clearly expressed an intention to call Sugar as a witness. Under these circumstances the order of disqualification is premature.

The order of the trial court is reversed and the case remanded for further proceedings.

*Sommers, Schwartz, Silver, Schwartz & Tyler, P. C. (by Richard D. Toth),* for plaintiffs.

*Hartman, Beier, Howlett, McConnell & Googasian* for defendants.

PER CURIAM. Plaintiffs argue that the trial judge should not have disqualified their attorney, A. Albert Sugar, from representing them in this matter merely because he had drafted a memorandum of understanding that is involved in this litigation. We agree.

I

Minority shareholders of Arc-Mation, Inc., represented by Mr. Sugar, brought this action alleging that the majority shareholders entered into an agreement, evidenced by a memorandum of understanding, with certain other defendants providing that Oxford Precise Casting, Inc., was to take over Arc-Mation for the purpose of revitalizing that corporation. The minority shareholders claim that, contrary to the memorandum of understanding, destruction rather than revitalization occurred. Arc-Mation is now an insolvent corporation. The only relief requested as to that corporation is that a receiver be appointed.

The minority shareholders acknowledge that A. Albert Sugar had in the past acted as counsel for Arc-Mation and drafted the memorandum of understanding for the two major shareholders of Arc-Mation on October 8, 1973. Mr. Sugar has not represented Arc-Mation since late October of 1973.

Defendants moved to have A. Albert Sugar disqualified as attorney for the minority shareholders because his continued representation would be contrary to Code of Professional Responsibility and Canons, Canon 4, DR 4-101(B), subds (1) and (2),[1] and Canon 5, DR 5-101(B), subds (1)-(4),[2] and DR 5-102(A).[3] The trial judge found no breach of confidentiality and no violation of Canon 4 because the suit involved an *intra*-corporate struggle. He did find, however, that while "there are no specific allegations of affirmative wrongdoing or a clear conflict of interest", A. Albert Sugar's continued representation of plaintiffs would violate DR 5-101(B) and DR 5-102(A) because "the meaning and interpretation" of the memorandum of under-

---

[1] Canon 4, DR 4-101(B):

"Except when permitted under DR 4-101(C), a lawyer shall not knowingly:

"(1) Reveal a confidence or secret of his client.

"(2) Use a confidence or secret of his client to the disadvantage of the client."

[2] Canon 5, DR 5-101(B):

"A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

"(1) If the testimony will relate solely to an uncontested matter.

"(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in this particular case."

[3] DR 5-102(A):

"If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4)."

standing "is a material issue in this cause and that as a draftsman of that instrument A. Albert Sugar ought to be called as a witness".

The Court of Appeals denied leave to appeal from the trial judge's ruling in an order that cited *GAC Commercial Corp v Mahoney Typographers, Inc,* 66 Mich App 186, 192; 238 NW2d 575 (1975), for the proposition that:

"But the bottom line should always be this: where it is a question of ethics, the answer is 'no'. There is no room for 'close' questions of professional propriety, particularly at a time when public trust in and respect for the legal profession is not at its highest level."

## II

The trial court, which also cited *GAC Corp,* and the Court of Appeals appear to be saying that if any arguable question can be raised regarding the propriety of a lawyer continuing to appear in a case, an order can be obtained disqualifying that lawyer. That constitutes, in our opinion, a dangerous doctrine. It puts in the hands of an adversary the ability to force an opponent to change counsel if the adversary can advance any arguable grounds in support of disqualification. Under this doctrine, no lawyer or firm that participates in drafting an instrument will be able to represent the client if litigation results.

DR 5-101(B) and DR 5-102(A) prohibit a lawyer from accepting or continuing in employment if he "knows" or "learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client" except in certain situations delineated in DR 5-101(B), subds (1) through (4). The trial judge erred in saying that because A. Albert Sugar drafted the memorandum of under-

standing and its meaning and interpretation is a material issue in this case he "ought to be called as a witness". In an affidavit, Mr. Sugar states under oath that he "has no intention of being called as a witness in this litigation and that there is no likelihood that he will be called as a witness since all of the allegations contained in the complaint will be proved by competent testimony and proofs from other sources". The suggestion that defendants will call plaintiffs' lawyer to testify on the issue of ambiguity, if any, of the memorandum of understanding is not supported in the record in this case. Indeed, defense counsel never clearly expressed an intention of calling Mr. Sugar as a witness.

The rules prohibit a lawyer from participating in litigation only if "he knows" or "it is obvious" that he ought to be called. Under these circumstances, Mr. Sugar does not *"know"* that he ought to be called and it is not "obvious" that he ought to be called, and his disqualification is premature.

We are mindful of the American Bar Association, Special Committee on Evaluation of Ethical Standards, note 31 to DR 5-102(B), which cites *Galarowicz v Ward,* 119 Utah 611, 620; 230 P2d 576, 580 (1951), as follows:

"Apparently, the object of this precept is to avoid putting a lawyer in the obviously embarrassing predicament of testifying and then having to argue the credibility and effect of his own testimony. It was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel."

On order of the Court, the application for leave to appeal is considered and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse the order of the trial court and remand the case to the

Oakland Circuit Court for further proceedings consistent with this opinion.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.