DANYO v GREAT LAKES STEEL CORPORATION

Docket No. 78-3512. Submitted August 27, 1979, at Detroit.—Decided
    October 15, 1979. Leave to appeal applied for.

Plaintiff Terry Danyo and 57 others brought a class action against
    Great Lakes Steel Corporation, Allied Chemical Corporation,
    the City of Detroit and The Detroit Edison Company seeking
    declaratory and injunctive relief under the Environmental
    Protection Act, damages for common-law private nuisance,
    trespass and negligence and punitive damages, alleging that
    defendants had discharged pollutants into the air and operated
    their plants with such noise and vibration as to damage plain-
    tiffs' real and personal property and adversely affect the health
    of some class members. All named plaintiffs who are or were
    homeowners in the area asserted damage to their real property,
    although their claims varied as to time and amount. Most
    named plaintiffs asserted separate and distinct personal prop-
    erty claims covering a variety of items and asserted general
    claims for personal injuries, primarily to the eyes and respira-
    tory system. Defendants moved for summary or accelerated
    judgment, attacking the class action device as inappropriate
    and, in addition and in the alternative: 1) moved for severance
    of the plaintiffs' claims for injunctive relief with provision for a
    separate trial as to each defendant and separate from the trial
    of any damage claim; 2) moved for severance of all original
    named plaintiffs with regard to their damage claims with
    provision for separate pleadings and separate trials; and 3) the
    City of Detroit moved to join other industrial facilities that
    emit pollutants and contribute to the pollution in the area.
    Plaintiffs moved to certify the class. The Wayne Circuit Court,
    Theodore R. Bohn, J., denied defendants' motions for severance
    of plaintiffs' claims for injunctive relief from those for damages,
    denied dismissal of the class action, denied separate trials of
    the damage claims, denied the joinder of other defendants and
    certified the class, holding that the action was a proper and

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 7, 11, 12, 15, 17-22.
[2] 59 Am Jur 2d, Parties §§ 188-191.

manageable class action. Defendants appeal by leave granted. *Held:*

1. The division of a lawsuit into separate trials is within the discretion of the trial judge but is an extraordinary remedy designed for selective application to those cases in which the convenience of the parties and the court or the avoidance of prejudice compels the deviation from traditional trial practices. The court's discretionary power should be exercised only upon the most persuasive showing that the convenience of all parties and of the court require such drastic action or that prejudice to a party cannot otherwise be avoided than by separation.

2. The court rule allowing the joining of third-party defendants does not grant an absolute right to join third parties but gives the trial court discretion to allow it. The trial court did not abuse its discretion in denying a motion to add third-party defendants because it would complicate the case and make it unmanageable. The court noted that the city would not be precluded from receiving contribution if the potential contributees were notified of the present action.

Affirmed.

1. TRIAL — SEPARATE TRIALS — DISCRETION — COURT RULES.

The division of a lawsuit into separate trials is within the discretion of the trial judge but is an extraordinary remedy designed for selective application to those cases in which the convenience of the parties and the court or the avoidance of prejudice compels the deviation from traditional trial practices; the court's discretionary power should be exercised only upon the most persuasive showing that the convenience of all parties and of the court requires such drastic action or that prejudice to a party cannot otherwise be avoided than by separation (GCR 1963, 505.2).

2. TRIAL — IMPLEADER — DISCRETION — COURT RULES.

The court rule allowing the joining of third-party defendants does not grant an absolute right to join third parties but gives the trial court discretion to allow it; a trial court does not abuse its discretion in denying a motion to add third-party defendants because it would complicate the case and make it unmanageable (GCR 1963, 204).

*Dietrich & Cassavaugh, P.C.* (by *Wm. Michael White*), for plaintiffs.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Douglas*

*H. West),* for defendant Great Lakes Steel Corporation.

*Butzel, Long, Gust, Klein & Van Zile* (by *Leslie W. Fleming),* for defendant Allied Chemical Corporation.

*Fischer, Franklin, Ford, Simon & Hogg* (by *William C. Petter, Jr.),* for defendant The Detroit Edison Company.

*Roger E. Craig,* Corporation Counsel, and *John F. Hathaway,* Assistant Corporation Counsel, for defendant City of Detroit.

Before: J. H. GILLIS, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

J. H. GILLIS, P.J. This action was filed on March 23, 1973, by 58 named individual plaintiffs purportedly on behalf of a class of persons similarly situated. The individual plaintiffs live in the Delray area of the City of Detroit. This action is against four separate and distinct corporate entities, each individually conducting substantially different industrial operations in Wayne County. In addition to these defendants, numerous other industries operate facilities within or in close proximity to the described area.

In a three-count complaint, plaintiffs seek declaratory and injunctive relief pursuant to the Michigan Environmental Protection Act, MCL 691.1201 *et seq.;* MSA 14.528(201) *et seq.,* individual damages against the four defendants for common-law private nuisance and/or trespass and/or negligence related to air pollution, and punitive damages. Basically, plaintiffs allege that the defendants have discharged various pollutants into the

air and operated their industrial plants with such noise and vibration as to damage plaintiffs' real and personal property and adversely affect the health of some class members.

All the named plaintiffs who are or were home-owners in the area assert claims for damage to their real property, although the claims vary widely as to the time and amount of damages. Most of the named plaintiffs have separate and distinct personal property claims covering a wide variety of items. Most named plaintiffs assert general claims for personal injuries, primarily injuries to the eyes and respiratory systems.

In 1973, the defendants, by way of motions for summary or accelerated judgment, attacked the class action device as being inapplicable to the present situation. In an opinion dated April 24, 1974, the trial court denied the motions without prejudice and permitted the suit to proceed tentatively as a class action during discovery and pre-trial proceedings.

In 1976, the defendants renewed their prior motions to dismiss the class action and, in addition and in the alternative:

(a) moved for severance of the plaintiffs' claims for injunctive relief with provision for a separate trial thereon as to each defendant and separate from the trial of any claim for damages;

(b) moved for severance of all original named plaintiffs with regard to their claims for damages with provision for separate pleadings and separate trials; and

(c) the City of Detroit moved to join approximately 17 other industrial facilities that emit pollutants and contribute to the pollution of the air in the Delray area. The plaintiffs moved for an

order to certify the proposed class and for notice to the class.

In an opinion dated September 20, 1977, the lower court, finding the present case to be indistinguishable from that of *Oakwood Homeowner's Ass'n, Inc v Ford Motor Co,* 77 Mich App 197; 258 NW2d 475 (1977), *lv den* 402 Mich 847 (1978), denied defendants' motions for severance for trial purposes of plaintiffs' claims for injunctive relief from those for damages, denied defendants' motions for dismissal of the action as a class action particularly with respect to plaintiffs' claims for damages, denied defendants' motions for severance of all original named plaintiffs' damages claims from one another (separate trials request) and denied the City of Detroit's motion to join additional defendants. The lower court certified the class, holding that the action was a proper and manageable class action.

Defendants bring this interlocutory appeal from the order entered pursuant to that opinion by leave granted.

On appeal, the defendants seek: (1) dismissal of plaintiffs' claims for damages on grounds of unmanageability or separate trial of each named plaintiff's claim for damages; (2) separate trials as to each defendant with respect to the claims seeking injunctive relief; and (3) severance of the claims seeking injunctive relief from those seeking damages. Defendant City of Detroit seeks to join 17 additional defendants as third-party defendants. Defendants appear to concede the propriety of a class action as to the claim seeking injunctive relief.

Initially, we note that the issues presented with respect to defendants' requests for relief numbers 1 and 2 above are identical to those presented to

this Court in *Oakwood Homeowner's Ass'n, Inc v Ford Motor Co, supra.* Furthermore, the facts in the present case are so similar to those in *Oakwood* as to be nearly congruent. Accordingly, *Oakwood* is apposite. The lower court's application of that case to resolve the present one was neither "clearly erroneous" nor an "abuse of discretion". *Grigg v Michigan National Bank,* 72 Mich App 358; 249 NW2d 701 (1976), *rev'd* 405 Mich 148 (1979), *Magid v Oak Park Racquet Club Associates, Ltd,* 84 Mich App 522, 531; 269 NW2d 661 (1978).

The thrust of defendants' briefs is their attack on the reasoning employed and the result reached in the majority opinion in *Oakwood.* Defendants seek to have this Court disregard the majority opinion in *Oakwood* and to accept the dissenting opinion there in deciding the present case.

Though this Court has that option, *Hackett v Ferndale City Clerk,* 1 Mich App 6; 133 NW2d 221 (1965), *Warren v Parole Board,* 23 Mich App 754, 758; 179 NW2d 664 (1970), *State, ex rel Director of the Michigan Dep't of Natural Resources v Chippewa Landing,* 82 Mich App 37, 43; 266 NW2d 658 (1978), we choose to not exercise it. The majority opinion in *Oakwood* controls the instant litigation. Accordingly, those issues presented here which are identical to those presented and decided in *Oakwood* will not be addressed.

The defendants raise an issue which, though presented to the Court in *Oakwood,* was neither addressed nor decided. That issue relates to the propriety of the denial of severance of the claims seeking injunctive relief from those for damages.

The division of a lawsuit into separate trials is a matter within the discretion of the trial judge. The pertinent court rule, GCR 1963, 505.2, provides:

"The court in furtherance of convenience or to avoid

prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

The "extraordinary" provisions of this rule are "designed for selective application to those cases in which the convenience of the parties and the court or the avoidance of prejudice compels such deviation from our traditional trial practices". *Peasley v Lapeer Circuit Judge,* 373 Mich 222, 226; 128 NW2d 515 (1964). The court's discretionary power "should be exercised only upon the most persuasive showing that the convenience of all parties and of the court require such drastic action or that prejudice to a party cannot otherwise be avoided than by such order of separation". *Osgerby v Tuscola Circuit Judge,* 373 Mich 237, 241; 128 NW2d 351 (1964). There was no such showing here. The denial of severance was not the product of bias, passion, perversity of will or illogic. *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959).

The defendant City of Detroit challenges the denial of its motion to add third-party defendants. In April, 1976, the City moved to add 17 other alleged industrial polluters contending that the claims made against the defendants here could likewise be made against all the proposed third-party defendants. GCR 1963, 204. The city contended that the other alleged polluters were the real parties liable for any injuries sustained by the plaintiffs and, alternatively, that those entities were liable and subject to contribution to the original defendants should judgments be entered against the original defendants. The lower court denied the motion for the reason that to do otherwise would complicate the case and make it unmanageable.

GCR 1963, 204 does not give a defendant an absolute right to join third-party defendants, even in circumstances where the third party is or may be liable to the defendant within the wording of the rule. Rather, the allowance of third-party practice rests within the sound discretion of the trial judge. *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314, 325; 174 NW2d 797 (1970), 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 507, (1978 Supp, p 227).

Complication of the trial is a recognized basis for discretionary denial of impleader. *Doall v Michigan Consolidated Gas Co,* 23 Mich App 454; 179 NW2d 26 (1970). Denial of impleader in the present case for the reason that to add the parties would make the case "unmanageable" was within the lower court's discretion. Such denial was without error.

We note that the effect of the denial of impleader is not to prevent the named defendants from enforcing their substantive right to contribution against the parties sought to be added. MCL 600.2925a; MSA 27A.2925(1) provides in relevant part:

"(1) * * * when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

* * *

"(5) A tort-feasor who satisfies all or part of a judgment entered in an action for injury or wrongful death is not entitled to contribution if the alleged contributee was not made a party to the action and if a reasonable effort was not made to notify him of the commencement of the action. Upon timely motion, a person receiving such notice may intervene in the action and defend as if joined as a third party."

The statute is properly construed as denying contribution against any contributee not made a party to the action nor notified of its commencement. Recovery of contribution may still be had in a separate action if the contributee was notified of the first action that resulted in a judgment against the tortfeasor seeking contribution. MCL 600.2925c; MSA 27A.2925(3), 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed, 1978 Supp), § 4a, p 228.

Affirmed. Costs to appellees.