KUBIAK v HURR

Docket No. 75499. Submitted November 13, 1984, at Detroit.—Decided
    June 4, 1985.

Cheryl and James Kubiak brought an action in the Macomb
    Circuit Court against Sister Theresa Margaret Hurr, St. Joseph
    Hospital of Mt. Clemens and others, alleging that Hurr, an
    employee of the hospital, harassed and defamed Cheryl Kubiak,
    also a hospital employee, by making statements regarding her
    sexual activities, dress habits and conduct in the hospital.
    Before filing the complaint, the Kubiaks' attorney, Harvey
    Wax, wrote a letter on January 24, 1983, to Hurr and the
    Board of Trustees at the hospital stating the basis of Mrs.
    Kubiak's allegations and requesting a retraction. On February
    24, 1983, Hurr's counsel sent Wax a letter denying the allega-
    tions and demanding retraction from Wax and Cheryl Kubiak.
    In a letter dated February 28, 1983, Wax acknowledged the
    invitation by Hurr's counsel to retract the statements and
    rejected it. After the Kubiaks filed their lawsuit against Hurr,
    Hurr filed a counterclaim against Mrs. Kubiak and a complaint
    against Wax, alleging defamation based on the excessive publi-
    cation of the aforementioned letters and statements which
    formed the basis of a story published in the *Macomb Daily*
    newspaper. Hurr's claim against Wax and counterclaim against
    Mrs. Kubiak were joined in one action with the Kubiaks'
    original complaint. Mrs. Kubiak and Wax moved to strike the

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 6] 81 Am Jur 2d, Witnesses §§ 97, 98.
    Attorney as witness for client in civil proceedings—modern state
        cases. 35 ALR4th 810.
[4] 81 Am Jur 2d, Witnesses §§ 185-190.
    Attorney-client privilege as affected by communications between
        several attorneys. 9 ALR3d 1420.
[5] 81 Am Jur 2d, Witnesses §§ 223-229.
    Applicability of attorney-client privilege to communications made
        in presence of or solely to or by third person. 14 ALR4th 594.
[7] 75 Am Jur 2d, Trial §§ 7-24.
    Appealability of state court order granting or denying consolida-
        tion, severance, or separate trials. 77 ALR3d 1082.
[8] 1 Am Jur 2d, Actions §§ 156-161.

complaint and counterclaim on the grounds that publication of the prelitigation letters was absolutely privileged. This motion was denied, Lawrence P. Zatkoff, J. Hurr and the hospital moved to disqualify Wax as the Kubiaks' attorney pursuant to DR 5-102, stating that they intended to call Wax as a witness to testify as to his and Cheryl Kubiak's intent in publishing the prelitigation letters. In response to this motion, Wax moved to sever the complaint against himself from the action between the Kubiaks and Hurr. The court, Robert J. Chrzanowski, J., granted Hurr's motion to disqualify Wax and denied Wax's motion to sever. The Kubiaks and Wax appealed by leave granted. *Held:*

1. The primary factors to consider in determining whether disqualification of a lawyer under the disciplinary rule providing for the withdrawal of counsel when the lawyer becomes a witness is necessary are whether the lawyer ought to be called and whether, if called by the opposing party, the testimony is likely to be prejudicial to the client. An attorney need not be disqualified to act as counsel under the disciplinary rule allowing for the withdrawal of counsel when the lawyer becomes a witness where the evidence he would provide as a witness can be presented in a manner which does not require him to testify. While Wax should be called in the trial of the complaint by Hurr against him, he need not be called in the trial of the counterclaim against Mrs. Kubiak.

2. Consolidation for trial of separate actions should not be ordered if a substantial right of a party would be prejudiced or if confusion of a jury would result. The danger of prejudice resulting from the calling of Wax as a witness in the trial of the complaint by Hurr against him militates for severance of that claim from the complaint of the Kubiaks and the counterclaim by Hurr against Mrs. Kubiak.

Reversed and remanded.

1. ATTORNEY AND CLIENT — WITNESSES — DISCIPLINARY RULES.

   The disciplinary rule providing for the withdrawal of counsel when the lawyer becomes a witness was designed to protect the interest of all parties and the reputation of the legal profession by assuring the client and the bar of the independent judgment of trial counsel in situations where it would be in the client's interest to attack the credibility of a lawyer witness; it was not drafted to permit the calling of opposing counsel as a witness, thereby disqualifying him as counsel (DR 5-102).

2. ATTORNEY AND CLIENT — WITNESSES — DISCIPLINARY RULES.

   The primary factors to consider in determining whether disquali-

fication of a lawyer under the disciplinary rule providing for the withdrawal of counsel when the lawyer becomes a witness is necessary are whether the lawyer ought to be called and whether, if called by the opposing party, the testimony is likely to be prejudicial to the client; the burden of proving the likelihood of prejudice is on the party seeking disqualification (DR 5-102).

3. ATTORNEY AND CLIENT — WITNESSES — DISCIPLINARY RULES.

For testimony to be prejudicial within the scope of the disciplinary rule providing for the withdrawal of counsel when the lawyer becomes a witness, the projected testimony of a lawyer or firm member must be sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony (DR 5-102).

4. ATTORNEY AND CLIENT — PRIVILEGE — EVIDENCE.

The attorney-client privilege attaches to the confidential communications made by a client to his attorney acting as a legal adviser and made for the purpose of obtaining legal advice on some right or obligation; the purpose of the privilege is to allow a client to confide in his attorney secure in the knowledge that the communication will not be disclosed.

5. ATTORNEY AND CLIENT — PRIVILEGE — WAIVER.

The attorney-client privilege can only be waived by the client and it is only where the client offers his own or his attorney's testimony as to a specific communication to the attorney that the privilege is waived as to all communications to the attorney on the same matter.

6. ATTORNEY AND CLIENT — WITNESSES — DISCIPLINARY RULES.

An attorney need not be disqualified to act as counsel under the disciplinary rule allowing for the withdrawal of counsel when the lawyer becomes a witness where the evidence he would provide as a witness can be presented in a manner which does not require him to testify (DR 5-102).

7. TRIAL — SEVERANCE.

The grant or denial of separate trials on issues rests in the sound discretion of the trial court; however, this power should be exercised only upon the most persuasive showing that the convenience of all the parties and the court require such drastic action or that prejudice to a party cannot otherwise be avoided (GCR 1963, 505).

8. Trial — Consolidation of Actions — Court Rules.

> Consolidation for trial of separate actions should not be ordered if a substantial right of a party would be prejudiced or if confusion of a jury would result (GCR 1963, 505).

*Levin, Levin, Garvett & Dill* (by *Jeffrey A. Heldt* and *Erwin E. Ellmann),* for Cheryl and James Kubiak.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs),* for Harvey I. Wax.

*Kitch, Suhrheinrich, Saurbier & Drutchas, P.C.* (by *Ralph F. Valitutti* and *Robert M. Wyngarden),* for defendant St. Joseph Hospital.

*Honigman, Miller, Schwartz & Cohn* (by *William G. Christopher, William F. Frey* and *Lawrence Nathanson),* for defendant Hurr.

Before: Hood, P.J., and Bronson and R. L. Tahvonen,* JJ.

Per Curiam. Appellants Harvey I. Wax and Cheryl and James Kubiak appeal by leave granted the November 28, 1983, orders denying a motion to sever and granting a motion to disqualify Wax as the Kubiaks' attorney.

On March 25, 1983, plaintiffs Cheryl and James Kubiak filed an action for harassment and defamation against defendant Sister Theresa Margaret Hurr and her employer, defendant St. Joseph Hospital of Mt. Clemens, Michigan. The complaint alleged that Hurr harassed and defamed Cheryl Kubiak by making statements regarding her sexual activities, dress habits and conduct in the hospital.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Before filing the complaint, the Kubiaks' attorney, Harvey Wax, wrote a letter on January 24, 1983, to Hurr and the Board of Trustees at the hospital stating the basis of Mrs. Kubiak's allegations and requesting a retraction. On February 24, 1983, Hurr's counsel sent Wax a letter denying the allegations and demanding retraction from Wax and Cheryl Kubiak. In a letter dated February 28, 1983, Wax acknowledged the invitation by Hurr's counsel to retract the statements but rejected it.

After the Kubiaks filed their lawsuit against Hurr, Hurr counterclaimed against Mrs. Kubiak and filed a complaint against Wax alleging defamation based on the excessive publication of the aforementioned letters and statements which formed the basis of a story published in the *Macomb Daily* newspaper.

Hurr's claim against Wax and counterclaim against Mrs. Kubiak were joined in one action with the Kubiaks' original complaint. On June 27, 1983, Mrs. Kubiak and Wax moved to strike the complaint and counterclaim on the grounds that publication of the prelitigation letters was absolutely privileged. This motion was denied by Judge Lawrence P. Zatkoff on August 26, 1983.

On September 2, 1983, Hurr and the hospital moved to disqualify Wax as the Kubiaks' attorney pursuant to DR 5-102, stating that they intended to call Wax as a witness to testify as to his and Cheryl Kubiak's intent in publishing the prelitigation letters. In response to this motion, Wax moved to sever the complaint against himself from the action between the Kubiaks and Hurr.

At a hearing on November 28, 1983, Judge Chrzanowski granted Hurr's motion to disqualify Wax and denied Wax's motion to sever. We review each decision of the trial court separately.

# I

## The Motion For Disqualification

The motion for disqualification was based upon DR 5-102, which reads:

"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B), subds (1) through (4).

"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client".

The circumstances in DR 5-101(B), subds (1)-(4) which form the exceptions to this rule are:

"(1) If the testimony will relate solely to an uncontested matter.

"(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case".

Because Michigan law construing DR 5-102 is

sparse, we turn to the general principles set forth in other jurisdictions for guidance on this issue.

Disciplinary Rule 5-102 was designed to protect the interest of all parties and the reputation of the legal profession by assuring the client and the bar of the independent judgment of trial counsel in situations where it would be in the client's interest to attack the credibility of a lawyer witness. *Rice v Baron,* 456 F Supp 1361, 1370 (SD NY, 1978). *Naxon Telesign Corp v GTE Information Systems, Inc,* 89 FRD 333, 340 (ND Ill, 1980). The rule was not drafted to permit a lawyer to call opposing counsel as a witness and to thereby disqualify him as counsel. *Smith v Arc-Mation, Inc,* 402 Mich 115; 261 NW2d 713 (1978); *Rice v Baron, supra.* The prime factors to be considered in determining whether disqualification is necessary are whether the lawyer *ought* to be called and whether, if called by the opposing party, the testimony is likely to be prejudicial to the client. DR 5-102; *Smith v Arc-Mation, Inc, supra; MacArthur v Bank of New York,* 524 F Supp 1205, 1208 (SD NY, 1981); *Connell v Clairol, Inc,* 440 F Supp 17, 18-19 (ND Ga, 1977); *Field v Freedman,* 527 F Supp 935, 941 (D Kan, 1981). The testimony of the disqualified attorney need not be absolutely crucial for a disqualification motion to be granted, but neither can it be so insignificant that it raises suspicions that the motion is a tactical device. *Freeman v Kulicke & Soffa Industries, Inc,* 449 F Supp 974, 977-978 (ED Pa, 1978); *MacArthur v Bank of New York, supra,* p 1210.

The party seeking disqualification bears the burden of demonstrating specifically how and as to what issues in the case the likelihood of prejudice will result. *Rice v Baron, supra,* p 1371; *Freeman v Kulicke & Soffa Industries, Inc, supra.* See *Kroungold v Triester,* 521 F2d 763, 766 (CA 3, 1975). For

testimony to be prejudicial within the scope of the disciplinary rule, the "projected testimony of a lawyer or firm member must be sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony". *Freeman v Kulicke & Soffa Industries, Inc, supra,* p 977. See also *Smith v New Orleans Federal Savings & Loan Ass'n,* 474 F Supp 742, 749-750 (ED La, 1979); *Rice v Baron, supra,* p 1371.

In the present case, we agree that attorney Wax "ought" to be called as a witness in the action against him. However, because we believe the case against Wax should be severed from the action against Mrs. Kubiak, this conclusion is not dispositive of the disqualification issue. (See Issue II, *infra.)*

We do not agree, however, that Wax "ought" to be called as a witness in the action against his client. Hurr contends that an essential element of the libel action against Mrs. Kubiak is her state of mind in having the letters published. According to Hurr, Wax's testimony is essential in proving her intent and state of mind at the time the publications were made because Wax drafted and published the letters. Hurr further reasons that, if Wax testifies and supports Mrs. Kubiak's testimony, then Mrs. Kubiak will have a better chance at successfully defending against the defamation claim. Hurr concludes, therefore, that Wax's testimony is essential to Mrs. Kubiak's defense.

We cannot accept this reasoning. First, we find that Wax's testimony concerning Mrs. Kubiak's state of mind in having the letters published is prohibited by the attorney-client privilege. This privilege attaches to the confidential communications made by a client to his attorney acting as a

legal adviser and made for the purpose of obtaining legal advice on some right or obligation. *Alderman v People,* 4 Mich 414 (1857). The purpose of the privilege is to allow a client to confide in his attorney secure in the knowledge that the communication will not be disclosed. *Parker v The Associates Discount Corp,* 44 Mich App 302, 306; 205 NW2d 300 (1973).

While Hurr acknowledges that the communications between Mrs. Kubiak and her attorney concerning the substance of the letters may have been initially privileged, Hurr contends that publication of the prelitigation letters waived that privilege. We disagree.

Although either can assert the privilege, only the client may waive the privilege. *Alderman v People, supra; People v Van Alstine,* 57 Mich 69, 78-79; 23 NW 594 (1885); *Agee v Williams,* 17 Mich App 417; 169 NW2d 676 (1969). Professor Wigmore instructs that the client's offer of his own testimony in the case at large is not a waiver of the privilege. Otherwise the privilege of consultation would be exercised only at the cost of closing the client's mouth on the stand. Nor will the client's offer of his own testimony as to specific facts which he has happened to communicate to the attorney operate as a waiver of the privilege. It is only where the client offers his own or his attorney's testimony as to a specific communication to the attorney that the privilege is waived as to all communications to the attorney on the same matter. This is to ensure that the privilege is used only as an incidental means of defense and not as a means of attack. For the same reason, the client's offer of his own or his attorney's testimony to a part of any communication is a waiver as to the whole of that communication. 8 Wigmore, Evidence, § 2327, p 637 (McNaughton rev ed, 1961).

In the case at bar, contrary to Hurr's assertions, the mere publication of the letters containing facts which had been communicated by Mrs. Kubiak to her attorney did not waive the privilege attaching to the communication itself. Further, there is nothing in the record which evinces a finding that the privilege was otherwise waived.

Second, even if the privilege had been waived, it is not obvious that Wax ought to be called as a witness on behalf of his client if the evidence may be obtained in a manner which does not require him to testify. *Ross v Great Atlantic & Pacific Tea Co, Inc,* 447 F Supp 407 (SD NY, 1978); *Zions First National Bank, NA v United Health Clubs, Inc,* 505 F Supp 138 (ED Pa, 1981); *Kendall v Atkins,* 372 NE2d 764, 767 (Mass, 1978).

Mrs. Kubiak's attorney did not experience or witness the conduct of Hurr which forms the basis of the allegations in the letters. Thus, his testimony could not establish the truthfulness of the allegations. Further, since it is Mrs. Kubiak's intent and state of mind which is at issue in the case against her, she is the best witness on that issue. Wax's testimony would be merely cumulative and inadmissible as more prejudicial than probative because of the possibility of the jury confusion engendered by the attorney acting in both witness and advocate roles. MRE 403.

It is only if the privilege attaching to the attorney-client communications is waived and Wax's testimony contradicts his client's testimony that his testimony will become more probative than prejudicial. This is the basis of the "conflict of interest" specter raised by Hurr to panic this Court into affirming Wax's disqualification. However, we find this specter without substance as Mrs. Kubiak has stated under oath that it is impossible for Wax's interests to be adverse to her.

At this juncture, the possible circumstances under which Wax "ought" to be called as a witness are so remote and intangible as to lead to a suspicion that the motion to disqualify might be in reality a tactical device to disadvantage the Kubiaks. We recall the purpose of the disciplinary rule as stated by the American Bar Association, Special Committee on Evaluation of Ethical Standards, note 31 to DR 5-102(B), which cites *Galarowicz v Ward,* 119 Utah 611, 620; 230 P2d 576, 580 (1951):

"Apparently, the object of this precept is to avoid putting a lawyer in the obviously embarrassing predicament of testifying and then having to argue the credibility and effect of his own testimony. It was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel." See also *Smith v Arc-Mation, Inc, supra.*

We conclude, therefore, that the disqualification of Wax would result in depriving the Kubiaks of trusted counsel without giving rise to any countervailing benefit to them or the judicial system. The benefit inuring to Hurr by the disqualification of Wax is unacceptable as a basis for affirming the disqualification. Therefore, we reverse the trial court's decision to disqualify Wax.

Should it appear in further proceedings of this cause that Wax ought to be called as an adverse witness and that his testimony will prejudice his client, the trial court shall *sua sponte* or on motion of a party reconsider the disqualification issue.

Because we have resolved this issue on the basis of the general rule in DR 5-102, we need not address whether this case fits within any of the exceptions listed in DR 5-101(B), subds (1)-(4). Further, in accordance with the principle of judicial

restraint, we decline to decide the constitutional issues raised by the parties. *Stanek v Secretary of State,* 33 Mich App 527, 530; 190 NW2d 288 (1971); *Warren Twp v Raymond,* 291 Mich 426, 429; 289 NW 201 (1939), and cases cited therein.

## II

### THE MOTION TO SEVER

The rules governing the joinder of parties in one action and the ordering of separate trials were set forth in GCR 1963, 206 and 505, respectively.[1] GCR 206 permits the joinder of plaintiffs or defendants,

"(1) if they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action; or

"(2) if it appears that their presence in the action will promote the convenient administration of justice."

Under GCR 505, the court may order a separate trial for any claim, cross-claim, counterclaim, or third party claim, or of any separate issue in furtherance of convenience or to avoid prejudice.

The exercise of the power to grant separate trials rests within the trial court's sound discretion, but the power should be exercised sparingly and only upon the most persuasive showing that separation would serve the convenience of all parties or that prejudice to a party cannot otherwise be avoided. *Detloff v The Taubman Co, Inc,* 112 Mich App 308; 315 NW2d 582 (1982); *Danyo v Great Lakes Steel Corp,* 93 Mich App 91; 286 NW2d 50 (1979), *lv den* 408 Mich 882 (1980). While

---

[1] As of March 1, 1985, joinder and severance are covered by MCR 2.203 and MCR 2.505(B) respectively.

the purpose of the rule providing for liberal joinder of actions is to achieve trial convenience and economy in judicial administration, consolidation should not be ordered if a substantial right of a party would be significantly prejudiced or if jury confusion would result. *Papcum v L R Jacobs Construction Co,* 95 Mich App 746; 291 NW2d 191 (1980), *lv den* 410 Mich 853 (1980); *People ex rel Director of Conservation v Babcock,* 38 Mich App 336; 196 NW2d 489 (1972).

The trial court in the case at bar denied Wax's motion to sever the action against himself from the principal action against Hurr and Hurr's counterclaim against Mrs. Kubiak on the basis that the actions arose from the same series of transactions and because severance would not dissipate the potential for a conflict in interests between Mrs. Kubiak and Wax.

In rejecting this reasoning of the trial court, we initially find that the occurrences giving rise to the Kubiaks' complaint against Hurr are not the same occurrences which give rise to Hurr's actions against Mrs. Kubiak and Wax. The Kubiaks' complaint alleges verbal harassment, defamation and slander by Hurr during the course of Mrs. Kubiak's employment with the hospital. On the other hand, Hurr's complaint and counterclaim is based on excessive publication of two prelitigation letters and on the publication of a newspaper article.

We acknowledge that some issues are common to all three actions. The truth of the allegations in the Kubiaks' complaint, if established, would defeat both Hurr's counterclaim and complaint. Further, if Wax is found liable to Hurr for excessive and malicious publication of defamatory material, Mrs. Kubiak may be held liable for those damages based upon the principal-agent relationship.

We further acknowledge that Wax ought to be

called as a witness in the action against him. This fact creates the danger of prejudice to both parties and confusion to the jury which would experience Wax interposed in both the advocacy and witness roles. This fact also creates the danger that Wax's effectiveness as counsel for the Kubiaks may be hampered by his own interests.

As explained by the American Bar Association Special Committee on Evaluation of Ethical Standards in Ethical Consideration 5-9:

"If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The role of an advocate and of witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively."

Therefore, we find that the action against Wax should be severed from the principal action and the counterclaim involving Hurr and Mrs. Kubiak. The dangers of prejudice and jury confusion and the potential that counsel's representation of his clients may be hampered outweighs any judicial economy gained through trying the actions together.

Under these circumstances, we conclude that the trial court was in error both in its decision to grant the motion to disqualify Wax and in its decision to deny the motion to sever.

Reversed and remanded for further proceedings consistent with this opinion.