**COMPULIT, a Michigan corporation, Plaintiff and Counter–Defendant,**

v.

**BANCTEC, INC., a Delaware corporation, and Terminal Data Corporation, a California corporation, Defendants and Counter–Plaintiffs,**

**BANCTEC, INC., a Delaware corporation, and Banctec Technologies, Inc., f/k/a Terminal Data Corporation, a Delaware corporation, Third Party Plaintiffs,**

v.

**DATA FACTS, INC., a Michigan corporation, Law Cypress Distributing Co., a California corporation, and Xionics Document Technologies, Inc., a Massachusetts corporation, Third Party Defendants.**

No. 1:95–CV–665.

United States District Court,
W.D. Michigan,
Southern Division.

Nov. 7, 1997.

Frederick J. Boncher, Schenk, Boncher & Prasher, Grand Rapids, MI, Thomas F. Campbell, Grosse Point Park, MI, Thomas J. Heiden, Thomas J. Heiden Law Offices, Grand Rapids, MI, for Compulit.

Robert J. Jonker, Warner, Norcross & Judd, L.L.P., Grand Rapids, MI, Steven A. Schneider, Steven A. Schneider & Assoc., P.C., Dallas, TX, for BancTec, Inc., Terminal Data Corp.

Gary Winters, Mayer, Brown & Platt, Washington, DC, for Mayer, Brown & Platt.

Timothy E. Eagle, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Data Facts, Inc.

Elaine Gravelyn, Dickinson, Wright, Moon, Van Dusen, Grand Rapids, MI, for Xionics Document Technologies Inc.

## *OPINION*

QUIST, District Judge.

Plaintiff, Compulit ("Compulit"), appeals the July 1, 1997, Order by Magistrate Judge Doyle A. Rowland granting Defendants' motion to compel and denying Compulit's motion to show cause. Compulit's appeal is pursuant to Local Rule 13(a). This Court must review the Order to determine whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); W.D.Mich.L.R. 13(a).

Compulit is a Michigan corporation whose principal business is providing computer-assisted litigation support for a number of national law firms engaged in complex litigation. Compulit claims that it purchased, through its known and authorized agent Data Facts, a document scanner from Terminal Data Corporation ("TDC") on January 6, 1994. Compulit claims that, on February 21, 1994, it purchased a second scanner from Law Cypress, one of TDC's equipment distributors because the first scanner was not working properly. Compulit claims that it made the second purchase after defendant

TDC stated that Compulit was required to make the purchase from Law Cypress if Compulit wanted TDC to service the machine. Compulit also alleges that the second scanner was bought pursuant to a different contract, a contract which did not bar consequential damages. Both scanners were paid for by a company named Comleasco, which was organized to provide financing for Compulit's equipment acquisitions on a lease/purchase basis.

Compulit also alleges that TDC's representative, Bob Christensen, supplied Compulit with material which misrepresented the scanners' capabilities and that Compulit based its purchasing decision on these misrepresentations. Compulit alleges that the scanners never worked as represented. After the scanners failed to work, Compulit alleges that it requested that TDC and BancTec repair the scanners, a task which TDC and BancTec undertook but failed to complete.

Compulit first contends that the Magistrate Judge erred in granting Defendants' motion to compel because certain documents pertaining to Compulit's relationship with eight law firm clients are subject to the attorney-client privilege and the work product rule. The Magistrate Judge dispensed with a hearing and granted Defendants' motion to compel. Compulit argues that the Magistrate Judge should have reviewed the documents subject to the claim of privilege and/or the work product rule *in camera* and should have allowed Compulit's law firm clients to explain and defend their claims of privilege and work product before ruling on Defendants' motion to compel.

■ The attorney-client privilege "attaches to the confidential communications made by a client to his attorney acting as a legal adviser and made for the purpose of obtaining legal advice on some right or obligation." *Kubiak v. Hurr*, 143 Mich.App. 465, 472–73, 372 N.W.2d 341, 345 (1985). The work product rule, embodied in Fed.R.Civ.P. 26(b)(3), provides a qualified protection to documents and things prepared in anticipation of litigation or trial by or for a party or his representatives. The rule provides, in relevant part, that:

a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed.R.Civ.P. 26(b)(3).

There is, of course, no attorney-client privilege between Compulit and its law firm customers. Compulit is not a law firm, nor does it have an attorney-client relationship with its law firm customers. However, there is an attorney-client privilege resting in the law firms' clients to the extent they received information from, or gave information to, their clients. The law firms have a duty to protect this privilege. *See* Model Rules of Professional Conduct Rule 1.6. In addition, the thought processes of the law firms, including the manner in which documents are organized at the law firms' directions, are protected by the work-product rule.

■ Regarding the attorney-client privilege, neither the law firms nor Compulit can waive the privilege because it rests with the client. In *Resolution Trust Corp. v. First of America Bank,* 868 F.Supp. 217 (W.D.Mich. 1994), this Court held that a law firm cannot waive the attorney-client privilege by inadvertent disclosure to opposing counsel. *Id.* at 220. Also, for example, the attorney-client privilege is not lost where a law firm shares privileged information with its associates, legal assistants, and secretaries. *See generally,* Jack B. Weinstein, Margaret A. Berger, Weinstein's Federal Evidence § 503.07[1], at 503–26 (2d ed.1997) (attorney-client privilege protects communications made to attorney's staff, consultants, and other agents employed in rendering services). Nor, in this Court's judgment, would the attorney-client privilege be lost if a law firm used an outside document copy service or hired an independent document copy service to copy privileged communications. Likewise, this Court holds that a law firm does not waive its client's privilege by contracting with an independent contractor, such as Compulit, to provide a necessary service that the law firm feels it needs in order to effectively represent its clients. *Cf. United States v. Nobles,* 422 U.S. 225, 239–40, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (holding that the work product rule protects material prepared by agents for an attorney as well as those materials prepared by the attorney himself). Therefore, to the extent that the law firms shared information with Compulit which identified the law firms' privileged communications, that information retains its privileged character.

■ The question then becomes whether Compulit can raise the privilege which resides in its law firm customers' clients. This Court holds that Compulit cannot raise the privilege itself. This Court also holds, however, that Compulit's law firm customers can raise the privilege on behalf of their clients. This Court believes that any other holding could lead to unacceptable consequences to Compulit's law firm customers and to the clients of these law firms—the disclosure of privileged documents through no decision or mistake of their own. Since the privilege rests with the clients of these law firms, this Court holds that these law firm customers of Compulit have standing to raise the privilege in this case if they choose to do so—just like they could if one of their employees or partners was about to disclose privileged communications. *Cf. Sackman v. Liggett Group, Inc.,* 173 F.R.D. 358, 365 (E.D.N.Y.1997) (holding that privilege not waived through disclosure of document by disloyal paralegal employed by law firm representing tobacco manufacturer to his attorney).

The rationale for protecting the attorney-client privilege also protects the law firm's work product. Work product, however, can be disclosed if Defendants show "substantial need." The question is, then, whether Defendants in the instant case are allowed to show substantial need for obtaining the documents when the opposing parties in the cases with which Compulit's law firm customers are involved might not be able to establish substantial need. This question becomes

even more difficult because the instant Defendants' "substantial need" may be quite different from the substantial need in the underlying matter for which Compulit is copying and, perhaps, organizing the documents. This Court believes that Defendants in the instant case might be able to establish substantial need, but this Court also believes that these Defendants should not be able to disclose work product documents to others who are not participants in the instant case—especially to the parties opposing Compulit's law firm clients.

This Court does not know, of course, whether any of the documents sought by Defendants are either privileged or protected by the work product rule. From this judge's own experience as a lawyer on complex cases, this Court believes that it is possible that documents between Compulit and its law firm clients are so protected. For example, the contract between Compulit and its law firm clients may contain outlines of how documents are to be assembled, organized, and put into the program. The point is that the Court does not know. This Court holds that the documents must be reviewed to determine whether there is a privilege or work product protection.

Compulit bears the burden of proof in the instant case, and this Court believes that failure to disclose certain documents to Defendants because they are privileged or otherwise protected documents would probably harm Compulit more than it would harm Defendants. Furthermore, it seems unlikely that Compulit would, without appropriate permission from its law firm customers, use the documents as evidence or make them available to third parties to assist Compulit in the instant case. If Compulit did disclose protected documents without permission, it would probably be out of business quite quickly. Furthermore, this Court would not permit Compulit to use such protected documents, directly or indirectly, if Compulit utilized such documents without appropriate permission.

For these reasons, this Court finds that the Magistrate Judge was clearly erroneous in his decision of July 1, 1997. Therefore, Compulit shall, within fourteen (14) days of this Opinion and Order: (1) deliver to the Magistrate Judge for *in camera* inspection all documents requested by Defendants which may be privileged or disclose attorneys work product; and (2) serve, by hand delivery or certified mail, this Opinion and the accompanying Order upon each of its law firm customers who are affected; and (3) deliver to its law firm customers a complete description of all documents which Compulit has delivered to the Magistrate Judge. The law firm customers will have fourteen (14) days after service by Compulit to object to the production of documents to Defendants. The Magistrate Judge shall order the production to Defendants of all documents to which there is no claim of privilege or work product. The Magistrate Judge shall also rule upon all claims of privilege and work product asserted by Compulit's law firm customers, shall rule upon all of Defendants' claims of substantial need, and shall enter such protective orders and other orders as he deems proper under the law and circumstances.

■ Compulit also argues that the Magistrate Judge erred in denying Compulit's motion to show cause, which in reality was a motion to compel. In its motion, Compulit sought production of a "Data Facts" file and other "customer files." The Magistrate Judge denied the motion because Defendants had furnished the "Data Facts" file to Compulit on two previous occasions, and because the "other customer" files did not exist. This Court finds no clear error in this ruling.

The correspondence from attorney Schneider to Compulit's counsel dated May 30, 1997, attached as Exhibit A to Defendants' Response to Plaintiff's Motion to Show Cause, established that Defendants produced the contents of the "Data Facts" file in November 1995, as part of their initial disclosures and production, and again prior to the April 24, 1997, deposition of Mr. Christiansen, Defendants' former sales manager. Since Defendants had already produced the contents of the "Data Facts" file, it was unnecessary for the Magistrate Judge to order additional production.

Compulit sought production of "other customer" files based upon the testimony of Mr.

Christensen. Mr. Christensen did not testify, however, that there were other "customer files" similar to the "Data Facts" file. Instead, he indicated that when he left his employment with Defendants, he passed along certain non-customer specific information to another employee. (Christensen Dep. at 357–58.) Thus, the Magistrate Judge's finding that the "other customer" files did not exist was not clearly erroneous.