TOMLINSON v. TOMLINSON.

1. COURTS—SUPREME COURT—COURT RULES.

The Supreme Court has inherent as well as constitutional rule-making power in the discharge of its general superintending control over all inferior courts (Const 1908, art 7, §§ 4, 5; CL 1948, § 601.14).

2. CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAW.

The guaranty of equal protection of the law is not one of equality of operation or application to all citizens of the State or nation, but rather one of equality of operation or applicability within the particular class affected, which classification must be reasonable (US Const, Am 14; Mich Const 1908, art 2, § 1).

3. COURTS—CONSTITUTIONAL LAW—COURT RULES—DISCOVERY.

Court rule authorizing pretrial depositions and discovery is not unconstitutional, since it is within the rule-making power of the Supreme Court and does not violate equal protection clauses of the State and Federal Constitutions (US Const, Am 14; Mich Const 1908, art 2, § 1, art 7, §§ 4, 5; Court Rule No 35, § 6, as added in 1952).

4. DISCOVERY—PRETRIAL HEARING—DISCRETION OF COURT.

Court rule permitting pretrial depositions and discovery as to matters relevant to the subject matter involved in the pending action reposes discretion in the court as to its applicability

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Courts § 151.
[2] 12 Am Jur, Constitutional Law §§ 469, 470.
[5] 14 Am Jur, Courts § 158.
[6] Generally as to discovery of assets, see 17 Am Jur, Discovery and Inspection § 20.
[8] 17 Am Jur, Divorce and Separation § 359 et seq.

and has the purpose of facilitating and expediting the trial of causes in circuits having a pretrial docket to alleviate their load and to obtain a better judicial administration (Court Rule No 35, § 6, as added in 1952).

5. COURTS—CONSTRUCTION OF COURT RULES.
   Remedial procedural rules should be broadly construed.

6. DISCOVERY—DIVORCE—PRIVACY—SUPPRESSION OF PLEADINGS—DISCRETION OF COURT.
   Order for pretrial discovery as to defendant husband's assets, liabilities and financial standing, entered in suit for divorce, was not an unconstitutional invasion of his privacy or an abuse of discretion, where the order also provided for the ruling of the court in the event of dispute over the admissibility of any testimony or any other disputed matter and local circuit court rule authorized the suppression of pleadings upon showing made to presiding judge of good cause therefor (Court Rule No 35, § 6, as added in 1952; Third Judicial Circuit Court Rule No 12).

7. DIVORCE—SUPPORT OF WIFE AND CHILDREN—FINANCIAL STATUS OF HUSBAND.
   The financial status of the husband is material and relevant to the subject matter of divorce, since the proper support of the wife, in her accustomed station in life, commensurate with his ability, and especially the support of his children who may be dependents are the first concerns of the court.

8. SAME—ORDER OF PROOF—DISCRETION OF COURT.
   The order of proof in a divorce case is entirely within the discretion of the court.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted October 16, 1953. (Calendar No. 45,804.) Decided November 27, 1953.

Divorce proceedings between Mary Tomlinson and Willard Tomlinson. Order entered directing pretrial discovery. Defendant appeals. Affirmed.

*Wilcox, Lacy, Lawson Kirkby & Hunt* (*Eugene D. Kirkby,* of counsel), for plaintiff.

*Freud, Markus, Gilbert & Lubbers,* for defendant.

BUSHNELL, J. Defendant, Willard Tomlinson, was granted leave to appeal from a circuit court order, directing a pretrial discovery in a suit for divorce.

The circuit judge limited discovery to questions concerning the property and income of Tomlinson, his assets, liabilities and financial standing. Provision was made in the order for either party to apply to the trial court "for rulings in the event of dispute over the admissibility of any testimony or other disputed matters."

Although pretrial practice has been in existence in Wayne county for some years, the precise question now presented is one of first impression. It arose out of the addition of Court Rule No 35, § 6 (1945). This new pretrial discovery rule (section 6) was adopted and became effective June 27, 1952.

The crux of the question before us is whether the matters concerning which the trial judge permitted pretrial discovery are "relevant to the subject-matter involved in the pending action," *i.e.*, the suit for divorce.

Before determining that question we must first resolve another raised by the appellant. Is Rule No 35, § 6 unconstitutional under article 2, § 1, and article 7, § 5 of the Michigan Constitution of 1908, and section 1 of the Fourteenth Amendment to the Constitution of the United States?

It cannot be disputed that this Court has inherent as well as constitutional rule-making power in the discharge of its general superintending control over all inferior courts. (Const 1908, art 7, §§ 4 and 5.) This is further emphasized by the statute (CL 1948, § 601.14 [Stat Ann § 27.34]) which seeks the "attainment, so far as may be practicable," of certain "improvements in the practice" among which are the "expediting of the decisions of causes" and the "remedying of such abuses and imperfections as may be found to exist in the practice."

To that end the bench and bar of the State collaborated in the promulgation by this Court of the permissive rule for pretrial procedure, and later by the implementing of that practice by pretrial discovery. See in this connection Court Rule No 40 for the production of books and papers; Court Rule No 41 for discovery by deposition and examination as to injuries; Court Rule No 42 regarding admissions from adverse party; and *Hallett* v. *Michigan Consolidated Gas Co.*, 298 Mich 582.

For textual comments on comparable Federal rules and the existing pretrial practice in the third judicial circuit (Wayne) see:

Honigman, Michigan Court Rules Annotated.

Hon. Arthur T. Vanderbilt (Chief Justice of the supreme court of New Jersey) Cases and other Materials on Modern Procedure and Judicial Administration (1952), pp 563–674;

George Ragland, Jr., Discovery Before Trial (1932);

Harry D. Nims, Pretrial (1950);

Hon. Charles E. Clark, The Practical Operation of Federal Discovery, "A Symposium on the Use of Depositions and Discovery Under the Federal Rules," (12 FRD 131–170);

Hon. Irving R. Kaufman, Some Observations on Pretrial Examinations in Federal and State Courts (12 FRD 363–372);

Hon. Alfred P. Murrah, Pretrial Procedure, A Statement of its Essentials (14 FRD 417–446) contains a bibliography on pretrial material.

Appellant in the instant case narrows the constitutional question by his argument that the power under article 7, § 5 of the Michigan Constitution is limited to the promulgation of "general rules," and that pretrial discovery is without the pale because its use is limited by the rule in question to those judicial circuits "having a pretrial calendar."

We do not discuss the broader question other than to refer to our holdings in *Behr* v. *Baker,* 257 Mich 487; *Pear* v. *Graham,* 258 Mich 161; *Konstantine* v. *City of Dearborn,* 280 Mich 310; and *Jones* v. *Eastern Michigan Motorbuses,* 287 Mich 619. See authorities annotated in 110 ALR 22.

On the narrower phase of the question we merely observe that the guaranty of equal protection of the law is not one of equality of operation or application to all citizens of the State or nation, but rather one of equality of operation or applicability within the particular class affected, which classification must, of course, be reasonable. *Tribbett* v. *Village of Marcellus,* 294 Mich 607. So tested, the rule in question does not transgress constitutional limitations.

The phrase "relevant to the subject matter involved" appears in paragraph (b) of section 6 of the rule, which we quote with the preceding one:

"(a) In any civil action the court or the judge or judges of any judicial circuit having a pretrial calendar may at any time permit any party by order of the court to compel the production, examination or inspection of any books, documents or other tangible things and to take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for the use as evidence in the action or for both purposes. The time, place and scope of the examination shall be fixed in the order authorizing the taking of the deposition. The attendance of witnesses may be compelled by the use of subpoena and the deposition of a person confined in prison may be taken only by leave of the court on such terms as the court prescribes.

"(b) The order of the court for pretrial depositions and discovery, unless for good cause otherwise shown, shall permit the examination of the deponent regarding any matter, not privileged and admissible under the rules of evidence governing trials, which

is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and locations of persons having knowledge of relevant facts. The court may require parties to claim or waive physician-patient and hospital-patient privilege in fixing the scope of the examination and a claim of privilege at the pretrial hearing excludes such testimony if offered later in the trial."

This rule is not mandatory but permissive, with discretion reposed in the court as to its applicability. Its purpose is to facilitate and expedite the trial of causes in those circuits which have deemed it necessary to adopt pretrial dockets in order to alleviate their load and as an aid in obtaining a better judicial administration. Its application is limited to questions that are relevant to the subject matter involved.

Appellant contends that the proposed inquiry into his financial status and ability is both irrelevant and untimely. He insists that, until it has been determined that a decree of divorce should be granted, his privacy should not be invaded and he should not be required to disclose his financial affairs to public gaze. He cites in support of this position *Rea* v. *Rea,* 53 Mich 40; *Seibly* v. *Ingham Circuit Judge,* 105 Mich 584; and *Pingree* v. *Pingree,* 170 Mich 36. These are cases in which there was involved the determination of the procedural aspects of order of proof in divorce suits. They do not establish the rule that the proofs necessary to support the alimony and property settlement portions of a decree are not admissible until grounds for divorce are established and a decree of divorce has been ordered.

In *Mitchell* v. *Mitchell,* 333 Mich 441, which appellant also cites, we said:

"The matter of grounds for divorce is entirely distinct and separable from the question of property settlement, and this was a proper subject of inquiry at a partial rehearing."

This statement was made in connection with the determination that limited partial new trials are permissive, and that the trial judge did not abuse his discretion in refusing to grant a full rehearing. Also, at the original hearing in the *Mitchell Case,* as is the practice, both the question of divorce and that of property settlement were determined in the 1 trial.

In further support of his contention, appellant cites a series of New York authorities involving discovery proceedings under the statute law of that State and a number of authorities in this State, under our discovery rules (Nos 40, 41, 42). All of these authorities throw light on the subject and are persuasive, but in the instant case we are considering for the first time a new rule applicable only to pretrial procedure as such, and not to other steps that may precede a trial. To both is applicable the observation that remedial procedural rules should be broadly construed. See *Vincent* v. *Van Blooys,* 263 Mich 312, and *Zoski* v. *Gaines,* 271 Mich 1, 8.

The order for discovery adequately protected appellant by providing for the ruling of the court "in the event of dispute over the admissibility of any testimony or any other disputed matter." Rule No 12 of the third judicial circuit reads:

"Any party or his attorney may obtain the suppression of any pleading filed in any cause in the circuit court by filing a petition with the presiding judge showing a good cause for such suppression. No person except the parties to a cause or their attorneys shall examine or publish, in whole or in part, any papers so suppressed until such case or some phase thereof shall be heard in open court. The county clerk shall effectually suppress all papers

filed in such cause and shall prevent all persons from having access thereto."

This rule protects appellant's right of privacy, and it can be supplemented in the discretion of the trial judge by a subsequent order upon proper showing of the necessity therefor.

The proper support of the wife in her accustomed station in life, commensurate with the husband's ability, and especially that of his children who may be dependents, is the first concern of the court. To this end the financial status of the husband is material and relevant to the subject matter of divorce.

We adopt with approval the following statement of the trial judge:

"I further hold, if I have not covered it, that the question of property in a divorce case is something that under our present practice need not be held in reserve until a prima facie case is made. I think we have the right to go into these matters ahead of time; at least, that has been the practice with me for many years, and it has been the practice here since I have been on the bench, and for a great many years that I practiced law, I think any other system would be something which would cause a backlog in these courts which would virtually amount to a jam on the chancery side of the court.

"In that connection, I would like to repeat, if I said it before, that the order of proof is entirely within the discretion of the court, in a divorce case, just the same as in any other case. It is not grounds for error, in the absence of an abuse of discretion."

Under the facts presented in this record, the trial judge did not abuse his discretion, under Court Rule No 35, § 6 (1945).

The order is affirmed, with costs to appellee.

Dethmers, C. J., and Adams, Butzel, Carr, Sharpe, Boyles, and Reid, JJ., concurred.