SUCOE v OAKWOOD HOSPITAL CORPORATION

THOMAS v CITIZENS INSURANCE COMPANY OF AMERICA

Docket Nos. 110843, 113973. Submitted March 7, 1990, at Lansing. Decided September 17, 1990. Leave to appeal applied for.

James A. Sucoe, as personal representative of the estate of Christian A. Sucoe, Jr., brought a medical malpractice action in Wayne Circuit Court against Oakwood Hospital Corporation, Jerry Drake, M.D., and others. Defendants Oakwood Hospital and Drake filed a motion to compel plaintiff to provide answers more specific than those plaintiff gave to three interrogatories submitted to him by the defendants. The interrogatories requested plaintiff to (1) state the date on which each of plaintiff's experts was first contacted regarding the case and the name of the person who contacted the expert, (2) state whether each expert had authored a written report and the date of the report, and (3) state whether each expert had generated any other written documents and, if so, identify what had been generated. The trial court, John A. Murphy, J., denied defendants' motion and directed defendants to pay the court clerk $300 in costs, $100 for each interrogatory, consistent with the trial court's statements made prior to ruling on the motion that it would assess such costs on the losing party. Defendants appealed by leave granted.

Tommy L. Thomas, seeking payment of no-fault automobile insurance benefits, brought an action in Ingham Circuit Court against Citizens Insurance Company of America. Defendant filed a motion to compel plaintiff to provide answers more specific than those plaintiff gave to nine interrogatories submitted to him by defendant. The interrogatories requested plaintiff to provide the substance of the testimony plaintiff expected to obtain from the expert witnesses named on plaintiff's witness list. The trial court, Thomas L. Brown, J., denied the motion and directed defendant to pay the court clerk $900, $100 for each interrogatory, consistent with the trial court's statement

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 5, 68-71, 74, 203, 204.

Identity of witnesses whom adverse party plans to call to testify at civil trial, as subject of pretrial discovery. 19 ALR3d 1114.

made prior to ruling on the motion that it would assess such costs on the losing party. Defendant appealed by leave granted.

The cases were consolidated by the Court of Appeals, which *held:*

1. In *Sucoe,* discovery of information relating to the identity of the experts, the date on which each expert was contacted, the identity of the person who contacted each expert, and the existence and nature of documents generated by each expert is, in the absence of any privilege precluding disclosure such as the work product doctrine, governed and allowed by MCR 2.302(B)(1). The trial court therefore abused its discretion in denying defendants' motion to compel more specific answers to their interrogatories.

2. In *Thomas,* defendant can properly require plaintiff under the provisions of MCR 2.302(B)(4) to state the substance of the facts and opinions to which each of plaintiff's experts is expected to testify at trial. The trial court therefore abused its discretion in denying defendant's motion to compel more specific answers to its interrogatories.

3. MCR 2.313(A)(5)(b) provides that if a motion to compel discovery is denied the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion, or both, to pay to the person who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. In both *Sucoe* and *Thomas* the assessment of costs payable to the respective court clerks at a predetermined rate of $100 per interrogatory is unsupported by the clear language of MCR 2.313(A)(5)(b).

Reversed and remanded.

1. PRETRIAL PROCEDURE — DISCOVERY — MOTION TO COMPEL DISCOVERY — APPEAL.

   A trial court's decision on a motion to compel discovery is within the trial court's discretion and will not be disturbed on appeal unless the trial court abused its discretion.

2. PRETRIAL PROCEDURE — DISCOVERY — EXPERT WITNESSES — COURT RULES.

   The identity of a party's experts, the date on which each expert was contacted, the identity of the person who contacted each expert, and the existence and nature of documents generated by each expert are, in the absence of any privilege precluding disclosure, within the scope of discovery allowed under the general court rule governing discovery (MCR 2.302[B][1]).

3. PRETRIAL PROCEDURE — DISCOVERY — EXPERT WITNESSES — COURT RULES.

A party may through interrogatories require another party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter about which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion (MCR 2.302[B] [4][a][i]).

4. PRETRIAL PROCEDURE — DISCOVERY — MOTION TO COMPEL DISCOVERY — FEES AND COSTS.

A trial court presented with a motion to compel discovery through interrogatories may not, prior to a hearing on the motion, determine that it will assess the losing party a specific amount payable to the court clerk for each interrogatory involved in the motion; however, the court, if it denies the motion, may order the moving party to pay the opposing party the reasonable expenses it incurred in opposing the motion (MCR 2.313[A][5][b]).

*Lakin, Worsham & Victor, P.C.* (by *Sanford N. Lakin* and *Larry A. Smith*), for James A. Sucoe.

*Gary J. Canjar,* for Tommy L. Thomas.

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *Jack E. Vander Male* and *Joseph E. Kozely*), for Oakwood Hospital Corporation and Jerry Drake, M.D.

*Foster, Swift, Collins & Coey, P.C.* (by *Kurtis T. Wilder*), for Citizens Insurance Company of America.

Before: GRIFFIN, P.J., and WAHLS and BRENNAN, JJ.

WAHLS, J. In each of these consolidated cases, the trial court denied a defense motion to compel more specific answers to interrogatories and then assessed costs, payable to the circuit court clerk, in an amount determined only by the number of

interrogatories for which the motion to compel was denied. Defendants appeal by leave granted. We hold that the trial courts in these cases abused their discretion when they denied defendants' motions to compel more specific answers to interrogatories. We also hold that it was an abuse of discretion for the trial courts to assess costs in an amount determined only by the number of interrogatories involved. Last, we hold that the trial courts did not have authority to order defendants to pay those costs to the circuit court clerks. Therefore, we reverse.

I

A

In Docket No. 110843, plaintiff James Sucoe filed a medical malpractice action on April 1, 1986, against defendants Oakwood Hospital Corporation and Jerry Drake, M.D. Defendants served interrogatories on plaintiff on February 9, 1988. Plaintiff's answers included numerous objections to the propriety of the interrogatories. When the trial court warned the parties that it would assess costs of $100 per interrogatory against the losing party on each interrogatory, defendant decided to pursue its motion on only three interrogatories. Defendants filed a motion to compel more specific answers to those interrogatories on March 16, 1988. Defendants appeal by leave granted from an April 22, 1988, Wayne Circuit Court order denying defendants' motion on all three interrogatories and assessing costs of $300.

B

In Docket No. 113973, plaintiff Tommy Thomas

filed suit on November 20, 1987, to recover no-fault insurance benefits from defendant Citizens Insurance Company of America. Plaintiff filed his witness list on June 6, 1988. Three weeks later, on June 29, 1988, defendant served interrogatories on plaintiff. Defendant considered plaintiff's answers to be evasive and inadequate, and filed a motion to compel more specific answers to interrogatories on September 28, 1988. When the trial court warned the parties that it would assess costs of $100 per interrogatory against the losing party on each interrogatory, defendant decided to pursue its motion on only eleven interrogatories. Defendant appeals by leave granted from a December 1, 1988, Ingham Circuit Court order denying defendant's motion on nine interrogatories and assessing costs of $900.

II

A

In Docket No. 110843, the three interrogatories requested plaintiff to (1) state the date each expert was first contacted regarding the case and who contacted the expert, (2) state whether the expert had authored a written report and the date of the report, and (3) state whether the expert had generated any other written documents "and, if so, identify what has been created." To each interrogatory, plaintiff objected that "it does not come within the purview and ambit of MCR 2.302(4)(A) [sic]." To the third interrogatory, plaintiff additionally objected that "it would violate the attorney work product, in that the attorney may have written certain notes after conference with his experts." The trial court agreed and denied defendants' motion.

The decision on a motion to compel discovery is within the trial court's discretion and will not be reversed on appeal unless the trial court has abused its discretion. *Marchand v Henry Ford Hosp,* 398 Mich 163, 169-170; 247 NW2d 280 (1976); *Eyde v Eyde,* 172 Mich App 49; 431 NW2d 459 (1988), lv den 432 Mich 857 (1989). This Court in *Eyde, supra,* p 54, discussed the considerations which the trial court should have in mind when exercising its discretion:

> Michigan has a strong historical commitment to a far-reaching, open and effective discovery practice. *Daniels v Allen Industries, Inc,* 391 Mich 398, 403; 216 NW2d 762 (1974). Discovery rules are to be liberally construed in order to further the ends of justice. *Id.* The modern tendency is to broaden the scope of discovery when necessary to facilitate preparation, to guard against surprise, and to expedite justice. *Fassihi v St Mary Hospital of Livonia,* 121 Mich App 11, 15; 328 NW2d 132 (1982).

The general rules governing discovery, MCR 2.302, prescribe a very broad, general scope of discovery and address specific instances when a party may not raise otherwise significant objections to discovery.

As previously stated, the dispute in this case concerns MCR 2.302(B)(4), which provides in part:

> Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subrule (B)(1) and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
>
> (a)(i) A party may through interrogatories require another party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter about

which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

\* \* \*

(b) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in MCR 2.311(B) or on a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Since a court-ordered physical examination on defendants' motion is not involved in this case, MCR 2.311(B) is not applicable.

Plaintiff's objection to defendants' interrogatories is apparently based in part on the fact that the specific information requested is not expressly discoverable under MCR 2.302(B)(4). Plaintiff also argues that under MCR 2.302(B)(4)(b) defendants are not entitled to discover any information regarding experts who are not expected to testify unless defendants show exceptional circumstances. In support of this argument, plaintiff quotes the following from Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.302, comment 8g, p 182:

The provisions of subrule 2.302(B)(4) restrict discovery of facts known and opinions held by experts acquired or developed in anticipation of litigation or in preparation for trial to *only* the situations and methods provided for by that subrule. As to this one particular class of persons, experts, the rule is a direct restriction on the scope of discovery permitted by 2.302(B)(1). Thus,

> experts who have been informally consulted in preparation for trial, but not specifically retained or employed, are not subject to discovery. One party may not force another party to divulge either their identity or the facts and opinions relayed by those experts. [Emphasis in original.]

The last sentence is at issue in this case. Specifically, plaintiff claims that he is not required to reveal the *identity* of experts who are not expected to testify. We disagree.

Our review of Martin, Dean & Webster's analysis of MCR 2.302 indicates that the quoted passage was referring to discovery of information regarding experts other than those covered by MCR 2.302(B)(4)(a) and (b). Moreover, we believe that the last sentence of the quoted passage is wrong. The restrictive language of the introductory paragraph of MCR 2.302(B)(4) refers only to the discovery of "facts known or opinions held by experts," and does not refer to the identity of experts. Likewise, MCR 2.302(B)(4)(b) does not refer to the identity of experts not expected to testify. Thus, the discovery of the identity of experts not expected to testify is not restricted by MCR 2.302(B)(4).

Ideally, Michigan's discovery rules are intended to provide for far-reaching, open and effective discovery *between the parties* without resort to the trial court's authority to compel discovery. See *Eyde, supra.* Compare MCR 2.302(A)(1) (discovery by parties) with MCR 2.313(A)(5) (presumptively mandatory sanctions). As previously indicated, MCR 2.302(B)(2)-(4) were intended to address specific instances in which otherwise significant objections to discovery might be raised. See *Roe v Cherry-Burrell Corp*, 28 Mich App 42, 45; 184 NW2d 350 (1970) (plaintiff's claims of privilege rendered moot by discovery rules). In those specific

instances, disputes regarding discovery are re-solved between the parties by reference to the court rules rather than by resort to the trial court. In other words, subrules (B)(2)-(4) are intended to facilitate the ideal of far-reaching, open and effective discovery between the parties. It would be contradictory to construe them to impliedly prohibit discovery of related information not expressly provided for in those rules. Consistent with the broad scope of Michigan's discovery rules in general, *Eyde, supra,* we conclude that discovery of information not expressly provided or restricted by the specific rule, MCR 2.302(B)(4), is governed by the general rule, MCR 2.302(B)(1).

As stated above, plaintiff also objected to one of the interrogatories on the basis of attorney work product privilege. Consistent with that objection, plaintiff argues on appeal that the contents of any reports or notes generated by his experts are work product and are not discoverable by defendant unless defendant shows that he "has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means," MCR 2.302(B)(3)(a). However, defendants' interrogatories did not request disclosure of the contents of the documents themselves but only whether any documents existed. Again, we conclude that the issue is governed by MCR 2.302(B)(1).

MCR 2.302(B)(1) provides in part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant . . . including the existence, description, nature, custody, condition, and location of books, documents, or other tangible things and the identity and location of persons having knowledge of a discoverable matter.

(a) It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff has not cited any authority holding that the identity of an expert, the date an expert was contacted and who contacted the expert, or the existence and nature of documents generated by the expert is privileged. Plaintiff does not claim that the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also does not claim that the experts do not have knowledge of a discoverable matter. Therefore, we conclude that MCR 2.302(B)(1) required plaintiff to provide the information sought by defendants in the three interrogatories and that the trial court abused its discretion when it denied defendants' motion to compel more specific answers to those interrogatories.

B

In Docket No. 113973, defendant challenges the trial court's ruling on only four of the nine interrogatories for which the trial court denied defendant's motion to compel more specific answers. The four interrogatories requested plaintiff to provide the substance of the testimony plaintiff expected to obtain from expert witnesses named on plaintiff's witness list. Plaintiff argued in the trial court that he should not be compelled to give more specific answers to those interrogatories because plaintiff had limited contact with the witnesses and had provided defendant with medical records from which defendant could obtain the information. The trial court agreed and denied defendant's motion.

On appeal, defendant argues that the opinions of

plaintiff's experts are discoverable under MCR 2.302(B)(4)(a)(i), and that the discovery rules do not require defendant "to proceed with one means of discovery to the exclusion of any other." According to defendant, plaintiff's failure to narrow his trial witness list to those whom he is likely to call at trial "essentially eviscerates the purpose of filing a witness list, and forces defendant to conduct unnecessary discovery." Finally, defendant argues that the trial court's ruling improperly deprives it of the experts' *sworn* opinions.

Plaintiff addresses defendant's arguments on appeal only briefly, claiming that he "responded to the interrogatories as best he could, having not interviewed many of the specific medical personnel involved." The remainder of plaintiff's argument concerns the trial court's rulings on the five interrogatories that defendant does not challenge on appeal.

We conclude that the trial court abused its discretion when it denied defendant's motion to compel more specific answers to the four interrogatories. The medical records did not provide the opinions of the listed expert witnesses. Plaintiff's alleged failure to interview his witnesses to obtain their opinions is not a proper basis upon which to deny discovery of those opinions under MCR 2.302(B)(4)(a)(i). That rule, which states that "[a] party may through interrogatories *require* another party . . . to state the substance of the facts and opinions to which the expert is expected to testify," implicitly required plaintiff to interview those witnesses to obtain their opinions.

III

Defendants in both cases challenge the trial courts' orders assessing costs. Since defendant in

Docket No. 113973 challenges the trial court's assessment of $900 on the nine interrogatories for which the motion to compel was denied, and not just on the four interrogatories challenged on appeal, we are obliged to resolve this issue.

The power to tax costs is not an inherent power of the trial court, but is only available when provided by statute or court rule. *Baumgardner v Balmer,* 157 Mich App 159, 160; 403 NW2d 525 (1987). In these cases, the applicable court rule, MCR 2.313(A)(5)(b), provides that if a motion to compel discovery is denied

> the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion, or both, to pay to the person who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

MCR 2.313(A)(5)(c) provides for apportioning the expenses among the parties when the motion is denied in part and granted in part.

It is immediately apparent from the language of the rule that it contemplates that the award of reasonable expenses and attorney fees will be a liquidated amount which accurately reflects the reasonable time and effort involved in a particular motion, and that the amount will be determined *following* a hearing. Thus, a determination in advance of the ruling on the motion that $100 per interrogatory will be assessed against the losing party is an abuse of discretion.

It is equally apparent that MCR 2.313(A)(5)(b) provides for payment only to the party who opposed the motion, not to the trial court. Thus, the trial court had no authority to order defendants to

pay costs to the court. See *Baumgardner, supra,* p 160.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.